Brian K. Heuston, 240731
Name, Prisoner ID #

SSN: ███████

James Crabtree Correctional Center
Address 216 N. Murray Street

Helena, OK 73741

**FILED**

MAY 14 2014

Phil Lombardi, Clerk
U.S. DISTRICT COURT

## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OKLAHOMA

Brian K. Heuston, Plaintiff(s)
(Full Name)

v.

Sheriff Ballard
Steve Buchanan
Jimmy ~~█████████~~ Lansdown, Defendant(s)
Megaen Davis
Gary Deckard

Mike Bouvier

Mike Dunlap

14 CV - 234 JHP - PJC
Case No.
(To be supplied by the Clerk)

**CIVIL RIGHTS COMPLAINT**
PURSUANT TO 42 U.S.C. §1983

### A. PARTIES

1) Brian K. Heuston, is a citizen of Oklahoma
   (Plaintiff)                              (State)

   who presently resides at JCCC Unit 6, 216 N. Murray Street,
                            (mailing address or place of confinement)

   Helena, OK 73741

2) Defendant Sheriff Ballard _____ is a citizen of
             (Name of first defendant)

   Bartlesville, OK 74003 _____, and is employed
   (City, State)

   as Sheriff of Washington County, OK
      (Position and title, if any)

   At the time the claim(s) alleged in this complaint arose, was this defendant acting under the color of state law?   Yes ☒  No ☐
   If your answer is "Yes", briefly explain:
   He was on duty in his official capacity as sheriff.

complain.cr (5/30/97)

(1)

3) Defendant **Steve Buchanan** is a citizen of
(Name of second defendant)

**Bartlesville, OK**, and is employed
(City, State)

as **Deputy Sheriff, Detention Officer**.
(Position and title, if any)

At the time the claim(s) alleged in this complaint arose, was this defendant acting under the color of state law? Yes ☒ No ☐.
If your answer is "Yes", briefly explain: **He was on duty in his official capacity.**

[You may attach one additional page (8½" x 11") to furnish the above information for additional defendants.] **SEE NEXT PAGE**

### B. JURISDICTION

1) Jurisdiction is asserted pursuant to: (Check one)
   ☒ 42 U.S.C. §1983 (applies to state prisoners)

   ☐ Bivens v Six Unknown Named Agents of Fed. Bureau of Narcotics. 403 U.S. 388 (1971) and 28 U.S.C. §1331 (applies to fed. prisoners)

2) Jurisdiction also in invoked pursuant to 28 U.S.C. §1343(a)(3). (If you wish to assert jurisdiction under different or additional statutes, you may list them below.)

### C. NATURE OF CASE

1) Briefly state the background of your case. **As a pre-trial detainee in the Washington County Jail, Plaintiff was assaulted and subjected to excessive use of force. There was a policy of subjecting prisoners to deprivation of legal rights.**

### D. CAUSE OF ACTION

1) I allege that the following of my constitutional rights, privileges or immunities have been violated and that the following facts form the basis for my allegations: [If necessary, you may attach up to two additional pages (8½" x 11") to explain any allegation or to list additional supporting facts.]

   a. (1) Count I: **Steve Buchanan used excessive force against Plaintiff, in violation of the 14th Amendment, Jimmy Lansdown threatened to use excessive force.**

4) Defendant Jimmy Lansdown is a citizen of Bartlesville, OK, and was employed as a detention officer at the County Jail. He was acting under Color of State law because he was on duty in his official capacity.

5) Defendant Megaen Davis, L.P.N., is a citizen of Bartlesville, OK, and was employed as a jail nurse. She was acting under Color of State law because she was on duty in her official capacity as a nurse.

6)
7) Defendants Gary Deckard, Mike Bouvier and Mike Dunlap are citizens of Bartlesville, OK, and are employed as Washington County Commissioners. They were acting under
8) Color of State law because they were on duty in their official capacities.

NOTICE

All Defendants are being sued in both their individual and their official capacity. Plaintiff alleges that all Defendants demonstrated deliberate indifference towards serious risks to his well being while he was a pre-trial detainee at the Washington County Jail, as set forth in the following pages.

(2)   Supporting Facts: (Include all facts you consider important, including names of persons involved, places and dates. Describe exactly how each defendant is involved. State the facts clearly in your own words without citing legal authority or argument.)
_See attached pages._

b   (1)   Count II:
_Nurse Megaen Davis assaulted Plaintiff, in violation of the 14th Amendment._

(2)   Supporting Facts: (Include all facts you consider important, including names of persons involved, places and dates. Describe exactly how each defendant is involved. State the facts clearly in your own words without citing legal authority or argument.)
_See attached pages._

c   (1)   Count III:
_Sheriff Bullard and County Commissioners Deckard, Bouvier and Dunlap showed deliberate indifference to the serious risks to Plaintiff's well being, in violation of the 14th Amendment._

(2)   Supporting Facts: (Include all facts you consider important, including names of persons involved, places and dates. Describe exactly how each defendant is involved. State the facts clearly in your own words without citing legal authority or argument.)
_See attached pages._

E.   **PREVIOUS LAWSUITS AND ADMINISTRATIVE RELIEF**

1)   Have you begun other lawsuits in state or federal court dealing with the same facts involved in this action or otherwise relating to the conditions of your imprisonment?
Yes ☐   No ☒
If your answer is "Yes", describe each lawsuit. *[If there is more than one lawsuit, describe this each additional lawsuit using the same format on a blank sheet of paper which you should label "E. PREVIOUS LAWSUITS AND ADMINISTRATIVE RELIEF."]*

COUNT ONE

STEVE BUCHANAN USED EXCESSIVE FORCE AGAINST PLAINTIFF, IN VIOLATION OF THE 14TH AMENDMENT.

Pre-trial detainees such as the plaintiff, are protected against the use of excessive force by the due process clause of the 14th Amendment. In reviewing claims of excessive force, the Courts look to such factors as the need for application of force, the relationship between the need and the amount of force that was used, the extent of injury inflicted, and whether force was applied in a good faith effort to maintain or restore discipline, or maliciously and sadistically for the very purpose of causing harm. Meade v. Grubbs, 841 F.2d 1512, 1527 (10th Cir. 1988); also Andrews v. Neer, 253 F.3d 1052, 1060-61 (10th Cir. 2001).

In this case, Plaintiff alleges the use of force against him when Washington County Detention Officer Steve Buchanan tasered him on 10-02-07, was intended to punish him, and not in an effort to restrain him. There was no legitimate interest in tasering him.

Plaintiff was fully restrained in the Washington County Jail. He was in a dissociative state of mind and hallucinating. He was acting and talking "crazy". Apparently this angered officer Buchanan. In a previous court decision arising out of the Tulsa County Jail, the court ruled that it is unconstitutional for officers to use substantial force when a prisoner is restrained. Miller v. Glanz, 948 F.2d 1562, 1564, 1567 (10th Cir. 1991). Officer Buchanan thus had Plaintiff's restraints removed, then immediately tasered him. That was clearly malicious and sadistic.

There are many court decisions holding that tasering people who do not significantly resist is actionable. Parker v. Gerrish, 547 F.3d 1, 11 (1st Cir. 2008); Orem v. Rephann, 523 F.3d 442, 446 (4th Cir. 2008); Hickey v. Reeder, 12 F.3d 754, 758-59 (8th Cir. 1993).

Soon after being tasered, Officer Langdown taunted and threatened

(5)

Plaintiff by waiving a taser at him and shouting, "Do you want some more of this?" See Parker v. Asher, 701 F. Supp. 192, 194-95 (D. Nev. 1988).

Plaintiff has been in contact with an inmate trustee who witnessed officer Buchanan taser him. Officer Buchanan purposefully rolled the restraint wheelchair in which Plaintiff was restrained into an area which the surveillance camera did not view. He then removed the restraints and attached the barbs of the taser directly onto Plaintiff's chest over his heart and then activated the taser. Inmate Michael Hedge witnessed this, and is available to testify or to be deposed. Dr. Grundy testified at the Plaintiff's jury trial that Plaintiff still had scars on his chest from this tasering.

After using the taser, Plaintiff was then put back into restraints in the restraint wheelchair and nurse Davis forcibly injected him twice with Haldol. There was no effort by anyone to check with Plaintiff's family, who were available in Bartlesville, OK to see if he had any allergies before administering this powerful anti-psychotic drug. This was deliberate indifference towards Plaintiff's serious risk of harm.

## COUNT TWO

### NURSE MEGAEN DAVIS ASSAULTED PLAINTIFF, IN VIOLATION OF THE 14TH AMENDMENT.

Prisoners have "a significant liberty interest in avoiding the unwanted administration of anti-psychotic drugs." Washington v. Harper, 494 U.S. 210, 221, 110 S.ct. 1028 (1989). Plaintiff alleges that Washington County Jail nurse, Megaen Davis, LPN, committed an assault and/or battery upon him by involuntarily injecting him with Haldol, 5 ml, twice on 10-02-07.

Significantly, she did this without asking him if he had any allergies or checking his medical records for a history of allergies, or asking his family about this. She failed to inquire into essential facts that are necessary to make a professional judgement. This was a substantial departure from accepted professional judgement, practice or standards. It is apparent that her decision to administer the drug fell below the applicable standard of care, to a reasonable degree of medical certainty.

The Courts have long held that medical treatment to which the patient has not consented may constitute an assault and/or battery. See Blissett v. Eisenmidt, 940 F. Supp. 449, 451 (ND NY 1996). In the Blissett case, the jury rendered a verdict finding battery based on a forcible injection by a nurse.

Plaintiff asserts that expert evidence is not required to establish the standard of care in this case, because the issue is one that is within the common knowledge of lay people. Fitzgerald v. CCA, 403 F.3d 1134, 1144-45 (10th Cir. 2005).

In this case, nurse Davis displayed deliberate indifference and reckless disregard for Plaintiff's safety by failing to act reasonably and check his medical history before injecting him with Haldol. Deliberate indifference to a serious mental health need violates the due process clause for pre-trial detainees. Martinez v. Beggs, 563 F.3d 1082, 1088 (10th Cir. 2009); also see Hudson v. McMillian, 503 U.S. 1, 10, 112 S.ct. 995 (1992).

This Plaintiff had a known, longstanding medical history of having a very severe allergy to the chemicals found in Elavil (imipramine). The generic name for Elavil is Amitriptyline.

Plaintiff had been previously arrested and charged in Nowata County, OK, case numbers CF-94-82 and CF-94-83. At his preliminary hearing on 03-22-95 and 03-23-95, Dr. Estelle Toby Goldstein testified regarding this serious allergy. Dr. Goldstein is a psychiatrist and specialist in psychopharmacology and neurology. She testified that while under the influence of Elavil, Plaintiff experienced a condition of dissociative disorder which is idiosyncratic and unpredictable. It had caused plaintiff to think, talk, and act like a zombie. Plaintiff has a copy of this transcript, which may be introduced as evidence in this case.

In other words, Plaintiff's family most certainly was aware of this very serious allergy, and it was in his medical records, had anyone bothered to check them.

At the time of the incident leading to Plaintiff's arrest in Washington County case number CF-2007-396 and subsequent tasering and forcible injections of Haldol, he was under the influence of over-the-counter Advil PM. This has a very similar chemical formula to that of prescription Elavil and Haldol. Their respective chemical formulas are:

$$Elavil - C_{20}H_{23}N$$
$$Advil\ PM - C_{17}H_{21}NO$$
$$Haldol - C_{21}H_{23}ClFNO$$

Advil PM's active ingredient is diphenhydramine. Advil PM, Elavil, and Haldol all contain certain levels of carbon, hydrogen, and nitrogen combinations.

At Plaintiff's jury trial, nurse Davis testified that she did forcibly inject Plaintiff with Haldol while he was in a restraint chair and wearing a face mask. Plaintiff suffered a visible reaction to said injection, yelling and sweating profusely in the chair, clearly exacerbating his condition where the court judge comments, "Well, I mean he's [Dr. Grundy] seen the video and he's going to testify, after seeing this video, that his [Plaintiff's] ~~~~ psychotic episode continued even after being given the shot?" (TR. 434-436, 457-458). Plaintiff has a copy of this transcript, which may be introduced into evidence in this case along with the DVD of the incident. The DVD

(8)

shows that nurse Davis administered a second injection of Haldol after it was clear that the first one did not calm him down but that it did have the opposite effect by visibly increasing his psychotic dissociative disorder and nurse Davis did not halt further injections and offer medical treatment at that time before the second injection. This was an especially harmful error in medical judgement, and is actionable.

## COUNT THREE

### SHERIFF BALLARD AND COUNTY COMMISSIONER'S DECKARD, BOUVIER, AND DUNLAP SHOWED DELIBERATE INDIFFERENCE TO THE SERIOUS RISKS TO PLAINTIFF'S WELL BEING, IN VIOLATION OF THE 14TH AMENDMENT.

Plaintiff alleges that there was a municipal policy of failing to adequately train and supervise the jail staff and investigate use of force complaints. This supports Plaintiff's claim of supervisory liability against Sheriff Ballard and municipal liability against County Commissioner's Deckard, Bouvier, and Dunlap. Plaintiff alleges this failure was due to these defendants deliberate indifference to the serious risks of harm to himself and other county jail inmates.

Plaintiff further alleges that the above named Defendant's knew that the Washington County Jailers regularly used tasers as a means of punishment, and not for legitimate reasons, and knew that jail nurses routinely injected disruptive inmates with powerful anti-psychotic drugs without adequate supervision. These Defendants knew, or most certainly should have known, that taser shocks may cause fatal heart attacks. The taser company training manual states that "exposure in the chest area near the heart... could lead to cardiac arrest." Amnesty International reported in February 2012 that more than 500 post electronic control device (ECD) shock deaths occurred following TASER deployments between 2001 and 2008. Articles have been published about this in "Circulation", the Journal of the American Heart Association. These articles state that many people suffer memory impairment after receiving a near-fatal shock.

In <u>Mckenzie v. City of Milpitas</u>, 738 F. Supp. 1293, 1299-01 (ND Cal. 1990) the court found that a jury question was presented regarding inadequate training and supervision of police officers in the use of tasers.

Supervisory liability was discussed in detail in <u>Keith v. Koerner</u>, 707 F.3d 1185 (10th Cir. 2013). This is a very relevant case.

(10)

42 U.S.C. 1983 allows a Plaintiff to impose individual capacity liability upon a Defendant Supervisor who creates, promulgates, implements, or in some other way possesses responsibility for the continued operation of a policy, the enforcement of which, by the defendant supervisor or their subordinates, subjects the Plaintiff to the deprivation of any right secured by the constitution. Revilla v. Glanz, 2014 WL 1017903 (N.D. Okla.). Note that this case involves another county jail, and was heard in this U.S. District Court recently.

Plaintiff represents that he already has, or can easily obtain, documentary evidence and personal testimony of witnesses to support this claim. He intends to conduct discovery utilizing Rules 33, 34, 36 of the Federal Rules of Civil Procedure and/or Subpoenas duces tecum. It is anticipated that Plaintiff will eventually be represented by an experienced civil rights attorney.

(11)

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

After experiencing extreme brutality in the County Jail by officer Buchanan, being threatened with more tasering by officer Lansdown, and being forcibly injected with Haldol twice by nurse Davis, Plaintiff was in great fear of further brutality. He was warned against complaining or filing grievances by the jailers and other inmates. This justified fear of retaliation excuses the exhaustion requirement. Tucker v. Grover, 541 F.3d 1077, 1085 (10th Cir. 2011).

## LIMITATIONS PERIOD

42 U.S.C. 1983 does not itself incorporate any statute of limitations. Instead, the Federal Court follows the relevant State statute of limitations. In Oklahoma, this is 22 O.S. 152.

The Statute of Limitations starts to run when the claim "accrues", that is, when the Plaintiff knows, or has reason to know, of the wrong upon which the complained of action is based.

In this case, Plaintiff was simply "out of his mind" when the tasering and forcible injections took place. His memory was greatly impaired. It was only much later that he finally obtained documentary evidence and the county jail surveillance DVD showing the incidents, that he began to comprehend what had happened to him. Also, he only recently made contact with the eyewitness regarding the incident, Michael Hedge, who worked as a jail trustee at the time.

It took considerable time and effort on the part of Plaintiff before his attorneys, Thomas Brown and Michael Shiflet of Bartlesville, OK, finally provided him with a copy of the DVD and his transcripts. Upon receiving this evidence, Plaintiff did diligently pursue this prosecution of these Defendants within the allowable timeframe.

   a)   Parties to previous lawsuit:

        Plaintiffs: <u>Not Applicable</u>
        Defendants: _____

   b)   Name and Location of Court and docket number _____
        _____

   c)   Disposition (For example: Was the case dismissed? Was it appealed? Is it still pending?) _____
        _____

   d)   Issues raised _____

   e)   Approximate date of filing lawsuit _____

   f)   Approximate date of disposition _____

2) I have previously sought informal or formal relief from the appropriate administrative officials regarding the acts complained of in Part D.   Yes ☐   No ☒.
   If your answer is "Yes", briefly describe how relief was sought and the results. If your answer is "No", briefly explain why administrative relief was not sought.
   <u>Plaintiff was in fear of retaliation after experiencing brutality of Defendants</u>

3) I have exhausted available administrative remedies   Yes ☐   No ☒.

   If your answer is "Yes" briefly explain the steps taken. Attach proof of exhaustion. If your answer is "No" briefly explain why administrative remedies were not exhausted.
   <u>See above, and Tuckel v. Grover, 541 F.3d 1077, 1085 (10th Cir. 2011).</u>

F.  **PREVIOUSLY DISMISSED ACTIONS OR APPEALS**

1) If you are proceeding under 28 U.S.C. §1915, please list each civil action or appeal you have brought in a court of the United States, while you were incarcerated or detained in any facility, that was dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted. Please describe each civil action or appeal. [*If there is more that one civil action or appeal, describe the additional civil actions or appeals using this same format on a blank sheet of paper which you should label "F. PREVIOUSLY DISMISSED ACTIONS OR APPEALS."*]

   a)   Parties to previous lawsuit:

Plaintiffs: _____
Defendants: _____

b) Name and Location of Court and docket number _____
_____

c) Grounds for dismissal: [ ] frivolous   [ ] malicious   [ ] failure to state a claim upon which relief may be granted.

d) Approximate date of filing lawsuit _____

e) Approximate date of disposition _____

2) Are you in imminent danger of serious physical injury? ☐ Yes   No ☒   If your answer is "Yes" please describe the facts in detail below without citing legal authority or argument. _____
_____

## G. REQUEST FOR RELIEF

1) I believe that I am entitled to the following relief: Compensatory damages of Six million dollars ($6,000,000.00), and Punitive damages of Eighteen million dollars ($18,000,000.00).

_Pro Se_
**Original Signature of Attorney (if any)**

_Brian K. Heuston_
**Original Signature of Petitioner**

**Attorney's full address and telephone number**

## DECLARATION UNDER PENALTY OF PERJURY

The undersigned declares (or certifies, verifies, or states) under penalty of perjury that he is the plaintiff in the above action, that he has read the above complaint and that the information contained therein is true and correct. 28 U.S.C. §1746. 18 U.S.C. §1621.

Executed at JCCC, Unit 6, 216 N. Murray St. Helena, OK 73741   on May 09, 2014
          (Location)                                                      (Date)

_Brian K. Heuston_

complain.cr (5/30/97)

(14)



Brian K Heuston 240731
JCCC Unit 6
216 N. Murray Street
Helena, OK 73741

Postmarked 5/12/14

RECEIVED
MAY 14 2014
Phil Lombardi, Clerk
U.S. DISTRICT COURT

RECEIVED
MAY 13 2014
Phil Lombardi, Clerk
U.S. DISTRICT COURT

Phil Lombardi
333 W. Fourth Street
Tulsa, OK 74103-3819

PRIORITY MAIL
UNITED STATES POSTAL SERVICE
Visit us at usps.com
Label 107R, January 2008